[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON APPLICATION FOR A PREJUDGMENT ATTACHMENT
The application for a prejudgment remedy filed by the plaintiff, Patterson Park, LLC, is hereby granted in part and denied in part in the following respects:
1. The First Count alleges a breach of lease. The plaintiff has established probable cause that a judgment will enter in its favor against the defendant Housatonic Valley Radiology, P.C. ("Valley Radiology") on this count. This defendant's argument that a condition of the lease was either frustrated or breached so as to relieve it of its lease obligations is not sufficiently supported by the evidence to establish a legal defense. As to damages, the plaintiff has a legal obligation to mitigate its damages and has not offered direct evidence on this issue. A prejudgment attachment for this count is allowed in the amount of $26,100 which is based on the base rent of $4,350 and six months of failed monthly payments.
2. The Second and Third Counts are against the defendants Conrad Ehrlich and Housatonic Valley Radiological Associates, P.C. ("Radiological Associates") and allege that the structure of Valley Radiology and actions taken by Ehrlich require the court to pierce the corporate veil and hold Ehrlich personally liable for Valley Radiology's debt as he is an officer director and sole shareholder of this corporation. The court finds that although the corporate formalities of Radiological Associates were not fully complete or thorough, plaintiff has failed to meet its burden of proof that there is probable cause that at trial it will establish that the corporation was maintained or used in such a way so as to allow breach of the corporate shield and to hold Ehrlich personally liable for the corporate debts. Additionally, Radiological Associates is controlled by Ehrlich, but otherwise has no corporate relationship with Valley Radiology.
3. The Fourth Count alleges that the defendants have violated the Connecticut Unfair Trade Practices Act, C.G.S. CT Page 13562 § 42-110b (a) ("CUTPA"). The plaintiff has failed to establish probable cause that the defendants' actions constituted unfair or deceptive trade practices within the contemplation of CUTPA.
4. The Fifth Count alleges that Radiological Associates and Ehrlich have caused Valley Radiology to make payments in the form of a "distribution of assets" in violation of C.G.S. § 33-321 (repealed effective January 1, 1997). Section 33-321 provided certain relief to judgment creditors of a corporation when the corporation distributes its assets to shareholders. The plaintiff has failed to show probable cause that these payments were "distributions" as part of a liquidation within the meaning of § 33-321, as compared to payments of debt obligations. Second, the protections of § 33-321 must be exercised by a judgment creditor, which the plaintiff is not. Lastly, Radiological Associates is neither a director or shareholder of Valley Radiology and thus is not subject to § 33-321 liability.
6. The Sixth Count alleges that Valley Radiology made various payments that were fraudulent transfers because they were made without the receipt of equivalent value and because Valley Radiology was or became insolvent when the payments occurred. The plaintiff has failed to show probable cause that Valley Radiology failed to receive equivalent value for its payments of these alleged debts to establish a fraudulent transfer under C.G.S. § 52-552e(a) .
7. The Seventh Count alleges that payments made by Valley Radiology were fraudulent transfers under C.G.S. §52-552f because they were made to insiders for antecedent debts. A $10,000 payment was made to Ehrlich's wife. Ehrlich testified that, this payment satisfied a loan made to Valley Radiology by his wife, but the corporation's records show the loan as a shareholder debt and Ehrlich is the sole shareholder. The court finds that this $10,000 was made on his behalf and for his direct benefit, although both he and his wife would be "insiders" under § 52-552f. Payments totalling $39,600 were made by Valley Radiology to Radiological Associates. The court finds that both Ehrlich and Radiological Associates were insiders (C.G.S. §52-552b(7)) and that the plaintiff has shown probable cause that these payments were fraudulent transfers under § 52-552f(b).
Contrary to the defendants' position, fraudulent intent is not an CT Page 13563 element of the cause of action against insiders under C.G.S. § 52-552f. As to a payment to one Whitters Contracting, the plaintiff has failed to show probable cause that the payment made to Whitters Contracting was a fraudulent transfer under §§52-552e or 52-552f.
8. The Eighth Count alleges that payments made by Valley Radiology to Ehrlich and Radiological Associates were made with the intent to hinder, delay or defraud Valley Radiology's creditors. The plaintiff has failed to prove probable cause that the transfers were made with the intent to hinder, delay or defraud creditors.
ORDERS
1. The Application for Prejudgment Remedy is granted as toCount One in favor of the plaintiff and against the defendant Housatonic Valley Radiology, P.C. in an amount not to exceed $26,100.
2. The Application for Prejudgment Remedy is granted as toCount Seven in favor of the plaintiff and against the defendant Conrad Ehrlich in an amount not to exceed $10,000; and against the defendant Housatonic Valley Radiological Associates, P.C. in an amount not to exceed $26,100.
3. Therefore, the total attachments against the three defendants' goods or estates as located by the plaintiff or as disclosed by the defendants in response to motions to disclose assets shall not exceed $26,100 cumulatively.
Dated this 15th day of December 1997.
Stevens, J.